# Morgan Lewis

**Kenneth I. Schacter**
Partner
+1.212.309.6865
kenneth.schacter@morganlewis.com

April 29, 2020

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
  Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> **Counsel may proceed with the proposed motions.**
> **SO ORDERED.**
>
> *Loretta A. Preska*   **4/30/2020**

Re:  *Attestor Master Value Fund LP v. Republic of Argentina*, 14 Civ. 05849 (LAP)
    *Trinity Investments Ltd. v. Republic of Argentina*, 14 Civ. 10016 (LAP)
    *Trinity Investments Ltd. v. Republic of Argentina*, 15 Civ. 1588 (LAP)
    *Trinity Investments Ltd. v. Republic of Argentina*, 15 Civ. 2611 (LAP)
    *Trinity Investments Ltd. v. Republic of Argentina*, 15 Civ. 5886 (LAP)
    *Trinity Investments Ltd. v. Republic of Argentina*, 16 Civ. 1436 (LAP)
    *Trinity Investments Ltd. v. Republic of Argentina*, 15 Civ. 9982 (LAP)

Dear Judge Preska:

Our firm has today filed appearances on behalf of the Plaintiff in each of the seven above-referenced actions.  I write pursuant to Rule 2(A) of the Court's Individual Practices to request leave – with a pre-motion conference, whether in-person or by telephone as and to the extent the Court deems necessary – to file a substantially identical motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in each action.

These cases, each arising from bond defaults by Argentina, are those remaining on this Court's docket that have not been resolved by settlement.  Each Rule 56 motion would seek a money judgment on defaulted and unpaid bond obligations.  All of the bonds were issued under a 1994 Fiscal Agency Agreement ("FAA").  The sums owed by Argentina are liquidated and not subject to dispute, and the cases involve no viable defenses or counterclaims.

As two related legal disputes have been resolved, the plaintiffs' underlying debt actions are now ripe for judgment.

Hon. Loretta A. Preska
April 29, 2020

The first dispute concerned whether certain parties reached settlements with Argentina in 2016, when Argentina issued its Propuesta to the marketplace and resolved many of its outstanding bond claims with settlements.  In a separate action, Judge Griesa dismissed a complaint pleading that these plaintiffs and other parties had reached an accord and satisfaction with Argentina, and the Court of Appeals affirmed.  *ARAG-A Limited, et al. v. Republic of* Argentina, 178 F. Supp. 3d 192 (S.D.N.Y. 2016), *aff'd*, *Attestor Value Master Fund, et. al. v. Republic of Argentina*, 940 F.3d 825 (2d Cir. 2019).

A second dispute, also involving bonds issued under the same FAA, was raised and resolved in other proceedings.  In those actions, this Court and the Court of Appeals considered the extent to which certain bond claims might be limited by statutes of limitations.  Other parties holding FAA bonds argued in the alternative that (i) the bonds' *pari passu* covenants gave rise to a damage claim arising within the shortest potential limitations period, (ii) a twenty-year statute of limitations applied to their claims, or, in the alternative, that (iii) Argentina had reaffirmed all of its obligations within the six-year statute of limitations.  All of these issues were resolved in favor of Argentina and the application of a six-year statute of limitations to the bonds.  *See White Hawthorne, LLC, et al. v. Republic of Argentina*, 2016 WL 7441699 (S.D.N.Y. Dec. 22, 2016) (Griesa, J.); *see also Bison Bee LLC v. Republic of Argentina*, 2018 WL 8058126 (S.D.N.Y. Oct. 22, 2018) (Preska, J.), *aff'd*, 778 Fed. Appx. 72 (2d Cir. 2019).

Plaintiffs now seek leave to proceed to judgment in accordance with these rulings.  Specifically, in the seven referenced actions, plaintiffs would abandon any claim arising from any bond that matured more than six years prior to the filing of the complaint.  As to bonds maturing (whether by their terms or through acceleration) *within* six years of the filing of the complaint, plaintiffs would seek summary judgments in the amount of (1) principal; (2) unpaid interest coupons, solely to the extent that the unpaid coupons became due within (and since) the six years preceding the filing of the applicable complaint; and (3) in accordance with the holding of the New York Court of Appeals in *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250 (2011), pre-judgment interest at the statutory rate of 9% pursuant to N.Y. CPLR §§ 5001(a) and 5004, accruing on each recoverable unpaid interest coupon.  Plaintiffs' proposed motions will provide uncontested evidence of their ownership of the timely bonds, that the bonds were issued by the Republic of Argentina pursuant to the 1994 FAA, and that the bonds remain unpaid.

The damages calculations to be submitted to the Court are consistent with the above-cited decisions.  We believe no disputed material facts or unsettled legal questions exist with respect to the remaining claims in these cases.

While we understand that the Southern District, in accordance with recommended guidelines regarding COVID-19, has adjusted its operations and limited parties' physical access to the courthouse, we do not read its standing orders or COVID-19 protocols to bar the filing of motions for summary judgment.  Counsel will be pleased to engage in a telephone or in-person pre-motion conference with the Court, or simply proceed to file the papers, as the Court directs. The motions are straightforward, and while non-urgent, would be short filings supported by declarations setting out the amounts due in each case.  No oral argument would be necessary.

Hon. Loretta A. Preska
April 29, 2020

We understand that, pursuant to Rule 2(A), defendant Argentina is required to submit a response to this letter within three business days.

Thank you for your attention to this matter.

Very truly yours,

*/s Kenneth I. Schacter*

Kenneth I. Schacter

cc:     All counsel of record (via ECF)